UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:11-CV-467-B |
| | § | |
| WELLS FARGO HOME MORTGAGE, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant Wells Fargo Home Mortgage's Motion to Dismiss, or in the Alternative, for a More Definite Statement (doc. 3), filed March 7, 2011. For the reasons articulated below, the Court finds that the Motion should be and hereby is **GRANTED** and that Plaintiff should be given a final opportunity to file an Amended Complaint that cures the defects of his Original Petition, so long as he files that Amended Complaint on or before **Friday, June 17, 2011**.

This is a self-titled "verification of debt" action. (*See generally* Pls.' Pet. for Verification of Debt (doc. 1-5)). Plaintiff originally brought this action in state court on January 28, 2011. (*Id.*). As best the Court can tell, Plaintiff requests proof that Defendant is the noteholder of the property in dispute, and, if Defendant is unable to tender such proof, an order directing Defendant "to release all claims against Plaintiff and grant rightful remedies due Plaintiff." (*Id.*). Defendant properly removed this case to federal court on the basis of diversity jurisdiction on March 7, 2011 (doc. 1). It subsequently filed the instant Motion to Dismiss, alleging that Plaintiff has failed to adequately state any claim upon which relief may be granted under FED. R. CIV. P. 12(b)(6). Plaintiff has not responded.

- 1 -

Under the Federal Rules of Civil Procedure, a complaint must contain "a short, plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A plaintiff may support his claim for relief with any set of facts consistent with the allegations in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). Rule 12(b)(6) authorizes dismissal of a complaint that fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In analyzing a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). Such a motion should only be granted when the complaint does not include "enough facts to state a clam to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, to survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. *Iqbal*, 129 S. Ct. at 1949. A Rule 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). The Court's review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint

and are central to the claims. *Causey v. Sewell Cadilac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

As mentioned above, Plaintiffs' Petition seeks proof that Defendant is the true noteholder of the property in dispute and, if Defendant refuses to so verify his debt, a directive from the Court forbidding Defendant from foreclosing on that property. (*See generally* Pl.'s Pet. Verification of Debt). After carefully reviewing the three pleadings filed by Plaintiff in state court, the Court cannot ascertain what basis under Texas or federal law Plaintiff attempts to base his claims for relief upon. Nor after extinsive research has the Court been able to find any cognizable basis for the relief Plaintiff requests. From the cursory details in the pleadings, Plaintiff might simply be requesting a verification of debt as provided for by Texas consumer law (but as to which a lawsuit does not appear to be the proper avenue of making the request) or he might be going much further, in fact attempting to assert claims of wrongful foreclosure or unfair debt collection. The Court simply cannot ascertain whether Plaintiff's claims are even the subject of a case or controversy for the Court to decide. *See Ondova Ltd. Co. v. Manila Indus., Inc.*, 513 F. Supp. 2d 762, 768-69 (N.D. Tex. 2007) (stating that defendant may remove on the basis of diversity jurisdiction, even when that action might later be subject to a jurisdictional challenge by the same defendant that the dispute does not involve an actual case or controversy).

As this case was removed to federal court, Plaintiff obviously did not plead his claims with the federal pleading standards in mind. The Court finds that the defects in Plaintiff's Petition are potentially curable and Plaintiff has not indicated that he is unable or unwilling to file an Amended Complaint to avoid dismissal. *See In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567-68 (N.D. Tex. 2005). Accordingly, Defendant's Motion to Dismiss is **GRANTED**. Plaintiff may file

an Amended Complaint **on or before Friday, June 17, 2011**.  If Plaintiff fails to file an Amended Complaint by that deadline or if his Amended Complaint fails to satisfy federal pleading standards, Defendant may move once again for dismissal, and this action may be subject to dismissal with prejudice.

**SO ORDERED.**

**DATED May 20, 2011**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE